UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO ARANA,

                       Petitioner,

v.

WILLIAM BARR, Attorney General of the United States; KEVIN MCALEENAN, Acting Secretary of the U.S. Department of Homeland Security; MATTHEW ALBENCE, ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; JAMES MCHENRY, Director, Executive Office of Immigration Review; THOMAS DECKER, New York Field Office Director for U.S. Immigration and Customs Enforcement,

                       Respondents.

**ORDER**

19 Civ. 7924 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Pedro Arana has been detained by Immigration and Customs Enforcement ("ICE") since July 31, 2018. (Pet. (Dkt. No. 1) ¶¶ 2, 22-23) He brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. § 1651, and Article I, Section 9, of the U.S. Constitution (id. ¶ 9), seeking an order providing him with a bond hearing.

        On April 3, 2020, this Court granted the Petition and ordered that a bond hearing take place by April 7, 2020. (Order (Dkt. No. 28)) In that Order, the Court directed that, at the bond hearing, the immigration judge should consider alternatives to detention and require

Respondents to demonstrate, by clear and convincing evidence, that continued detention is appropriate. (Id. at 17-18)[1]

A bond hearing took place before Immigration Judge Brian Sardelli on April 7, 2020. (Bond Hearing Tr. (Dkt. No. 36-1)) At the hearing, Judge Sardelli found that Respondents had met their burden of proving that Petitioner was a danger to the community. (Id. at 19) Judge Sardelli therefore denied bond and stated that he would "follow up with a written order." (Id.)

In an emergency motion filed later that day (Dkt. Nos. 29-32), Petitioner asks this Court to order his release from ICE custody, asserting that Judge Sardelli violated this Court's April 3, 2020 order by not considering alternatives to detention or holding the Government to the "clear and convincing burden of proof." (Pet. Mem. (Dkt. No. 30) at 4)

In an April 11, 2020 submission, Respondents oppose Petitioner's emergency motion, arguing that they complied with this Court's Order by arranging for a bond hearing by the April 7, 2020 deadline. (Resp. Opp. (Dkt. No. 37)) They further argue that Judge Sardelli found that Respondents had met their burden and that the record makes clear that Judge Sardelli understood that the "clear and convincing" standard applied, given the number of times that Petitioner's counsel referred to that standard in her argument. (Id. at 19) Because Judge Sardelli found that Petitioner was a danger to the community, Respondents argue that it was unnecessary for him to consider alternatives to detention. (Id. at 26)

In his oral ruling, Judge Sardelli does not makes reference to the "clear and convincing" standard, much less explain why Respondents met their burden of establishing by

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

2

clear and convincing evidence that Petitioner's continued detention is appropriate. (Bond Hearing Tr. (Dkt. No. 36-1) at 19) There is also no indication in the oral ruling that Judge Sardelli considered alternatives to detention. (Id.) Contrary to Respondents' argument, Judge Sardelli's oral ruling – standing alone – does not demonstrate compliance with this Court's April 3, 2020 order.

That said, Judge Sardelli states that a written order will follow setting forth his reasoning. (Id.) This Court will stay Petitioner's motion until **April 17, 2020**, in anticipation of Judge Sardelli's written order. To the extent that Judge Sardelli issues a written decision before that time, Respondents are directed to supply a copy of that order to the Court forthwith.

Dated: New York, New York
April 13, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge